**Webber, Charles F.**

---

**From:** Webber, Charles F.
**Sent:** Friday, August 26, 2005 12:31 PM
**To:** 'Meyer, Mathew M.'
**Cc:** Girvan, Erik J.
**Subject:** RE: Nebraska Beef

We will be happy to document the $52,997.12 figure.

I will have my client sign two originals as well. Please let me know when you have received signed copies from your client; I will do the same.

Have a good weekend.

Chuck Webber
Faegre & Benson LLP
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-8719
(612) 766-1600 (fax)
cwebber@faegre.com

---

**From:** Meyer, Mathew M. [mailto:MeyerM@moss-barnett.com]
**Sent:** Friday, August 26, 2005 11:21 AM
**To:** Webber, Charles F.
**Cc:** Girvan, Erik J.; Peterson, Mark B.
**Subject:** RE: Nebraska Beef

Chuck,

Your draft settlement agreement is acceptable. One point, which we had discussed previously, is the issue of the statement of the costs, expenses and attorneys fees constituting the $52,997.12 figure. I assume that if that amount becomes payable, you will provide the necessary statements/documentation for that amount (since I observe that you will provide the statements for any additional attorneys fees etc. that will become payable under paragraph 4 of the agreement). A simple verification/acknowledgment by reply e-mail that you will provide such documentation is sufficient to clear up this issue.

I am having the client sign two originals, and have asked that he return them to me as soon as possible so that we can proceed with the certification and appeal. As soon as I receive them, I will forward them to you.

Please let me know if you have any questions.

Sincerely,

Mathew.

> -----Original Message-----
> **From:** Webber, Charles F. [mailto:CWebber@faegre.com]
> **Sent:** Friday, August 19, 2005 9:49 AM
> **To:** meyerm@moss-barnett.com
> **Cc:** Girvan, Erik J.
> **Subject:** Nebraska Beef

I'm attaching a revised draft of the settlement agreement, which reflects Wells Fargo's acceptance of your client's offer to modify the previous agreement by: 1) deleting the limitation on the scope of your argument on appeal, and 2) providing that if the Eighth Circuit affirms, your client will pay Wells Fargo: a) all attorneys' fees incurred to date ($52,997.12), plus b) all attorneys' fees incurred on appeal, plus c) $50,000.

Please confirm that this is acceptable. If so, we will have our client sign, you will do the same, and we will get this to the Court.

Chuck Webber
Faegre & Benson LLP
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-8719
(612) 766-1600 (fax)
cwebber@faegre.com

The information contained in this e-mail message and any attachments is proprietary and intended only for the confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error please notify us immediately at the e-mail address listed above. Thank you.

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of this ______ day of August, 2005 by Nebraska Beef Limited, also known as "Nebraska Beef, Ltd." ("Nebraska Beef") and Wells Fargo Bank, N.A., successor by merger to Wells Fargo Business Credit, Inc., formerly known as Norwest Business Credit, Inc. ("Wells Fargo").

Nebraska Beef commenced an action against Wells Fargo in the United States District Court for the District of Minnesota, entitled Nebraska Beef Limited v. Wells Fargo Business Credit, Inc., Case No. 01-2375 (the "Action"), asserting a claim against Wells Fargo. Wells Fargo then asserted a counterclaim against Nebraska Beef. On January 20, 2004, the Court entered summary judgment in favor of Wells Fargo and against Nebraska Beef on Nebraska Beef's claim against Wells Fargo (the "Summary Judgment Order"), and denied Nebraska Beef's motion for summary judgment on Wells Fargo's counterclaim.

Nebraska Beef and Wells Fargo now wish to avoid the risk and expense of further litigation and to resolve all disputes between them.

THEREFORE, the parties hereto hereby agree as follows:

1. Counsel for Wells Fargo shall execute and deliver to counsel for Nebraska Beef a Stipulation to Rule 54(b) Certification (the "Certification Stipulation") in the form attached hereto as Exhibit A. Nebraska Beef may (but need not) file the Certification Stipulation with the Court.

2. If Nebraska Beef does not file the Certification Stipulation with the Court within 30 days of the date that Wells Fargo's counsel delivers the Certification Stipulation to

Nebraska Beef's counsel, then: (a) Nebraska Beef shall pay $52,997.12 to Wells Fargo within 40 days of the date that Wells Fargo's counsel delivers the Certification Stipulation to Nebraska Beef's counsel, and (b) Wells Fargo's counsel shall, upon receipt of the payment described above, deliver to Nebraska Beef's counsel a Stipulation of Dismissal in the form attached hereto as Exhibit B.

3. If Nebraska Beef files the Certification Stipulation with the Court and the Court enters an order under Fed. R. Civ. P. 54(b) certifying the Summary Judgment Order for immediate appeal, but Nebraska Beef does not file a timely appeal of the Summary Judgment Order, then: (a) Nebraska Beef shall pay $52,997.12 to Wells Fargo within 10 days of the date that its notice of appeal of the Summary Judgment order would have been due under the Federal Rules of Appellate Procedure, and (b) Wells Fargo's counsel shall, upon receipt of the payment described above, deliver to Nebraska Beef's counsel a Stipulation of Dismissal in the form attached hereto as Exhibit B.

4. If Nebraska Beef files a timely appeal of the Summary Judgment Order, and either: (a) Nebraska Beef does not pursue the appeal to judgment in the United States Court of Appeals for the Eighth Circuit, or (b) the Eighth Circuit affirms the Summary Judgment Order, then: (c) Nebraska Beef shall pay to Wells Fargo: (i) $102,997.12, plus (ii) all costs, expenses, and attorneys' fees incurred by Wells Fargo relating to the appeal, within 10 days of the date that Wells Fargo delivers a statement of those costs, expenses, and attorneys' fees to Nebraska Beef or its counsel, and (d) Wells Fargo's counsel shall, upon receipt of the

payment described above, deliver to Nebraska Beef's counsel a Stipulation of Dismissal in the form attached hereto as Exhibit B.

5. If Nebraska Beef files a timely appeal of the Summary Judgment Order and the Eighth Circuit reverses the Summary Judgment Order and remands it to the District Court for further proceedings, then Nebraska Beef and Wells Fargo may pursue their respective claims in the District Court in accordance with the Eighth Circuit's judgment, any past orders of the District Court that are unaffected by the Eighth Circuit's judgment, and any subsequent orders of the District Court.

6. If the District Court refuses to enter an order under Fed. R. Civ. P. 54(b) in response to the Certification Stipulation or if the Eighth Circuit refuses to accept the District Court's certification under Fed. R. Civ. P. 54(b) and refuses to entertain an appeal from the Summary Judgment Order, this Settlement Agreement shall become null and void and the parties shall retain whatever rights they had prior to agreeing to compromise their claims against one another in the manner set forth in this Agreement.

7. As a part of the consideration of this agreement, the parties agree that upon Wells Fargo's delivery to Nebraska Beef of an executed Stipulation of Dismissal in accordance with Sections 2, 3, or 4 above, both Nebraska Beef and Wells Fargo shall be deemed to have remised, released and forever discharged each other and each other's respective affiliates, subsidiaries, parent companies, predecessors, successors, joint venturers, officers, directors, shareholders, members, employees, agents, servants, beneficiaries, assigns, representatives and attorneys (collectively the "Released Parties") of and from all

manner of actions, causes and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands, whatsoever, at law or in equity, which either party ever had, now has, or may have in the future, that relate in any way to the loan(s) and transaction(s) at issue in the Action.

8. It is understood and agreed that Nebraska Beef and Wells Fargo have at all times denied and still deny any liability to one another, and that they are entering into this agreement in compromise of disputed claims. Nothing contained herein shall be construed as an admission by Nebraska Beef or Wells Fargo of any liability to one another or to any other entity.

9. No breach of any provision hereof can be waived by either party unless in writing. Waiver of any one breach by a party shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

10. Nebraska Beef and Wells Fargo each acknowledges and represents that it is represented by a licensed attorney and has had the opportunity to consult with an attorney of its choice with respect to this Agreement. Each of the parties represents and declares that in executing this Agreement, it has relied solely upon its own judgment, belief and knowledge, and the judgment, belief, and knowledge of an attorney of its choice, concerning the nature, extent and duration of its rights and claims, and that it has not been influenced to any extent whatsoever in executing this Agreement by any representations or statements by the other party that are not expressly contained or referred to herein.

11. Because each party's attorney has reviewed this Agreement, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

12. Each of the signatories to this Agreement represents that he or she has full authority to execute this Agreement on behalf of the party for whom he or she is executing the Agreement.

13. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Minnesota.

NEBRASKA BEEF, LTD.

By ______________________________

Its ______________________________

WELLS FARGO BUSINESS CREDIT, INC.

By ______________________________

Its ______________________________

M2:20357353.01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Nebraska Beef Limited,

Plaintiff,

vs.

Wells Fargo Business Credit, Inc., f/k/a Norwest Business Credit, Inc.,

Defendant.

Civil No. 01-CV-2375 (JNE/JGL)

**STIPULATION TO**
**RULE 54(b) CERTIFICATION**

The parties hereby stipulate that the Court may enter an Order of Certification Under Rule 54(b) in the form attached hereto without further notice or a hearing.

Dated: ______________________

MOSS & BARNETT
A Professional Association

______________________________
Mathew M. Meyer (#264416)
Mark B. Peterson (#14440X)
J. Vincent Stevens (#325211)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402
Telephone: (612) 347-0300

ATTORNEYS FOR PLAINTIFF
NEBRASKA BEEF LIMITED

Dated: ______________________

FAEGRE & BENSON LLP

______________________________
Charles F. Webber (#215247)
Erik J. Girvan (#320079)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone (612) 766-7000

ATTORNEYS FOR DEFENDANT
WELLS FARGO BUSINESS CREDIT, INC.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Nebraska Beef Limited,

Plaintiff,

vs.

Wells Fargo Business Credit, Inc., f/k/a Norwest Business Credit, Inc.,

Defendant.

---

Civil No. 01-CV-2375 (JNE/JGL)

**ORDER OF CERTIFICATION**
**UNDER RULE 54(b)**

This matter came before the Court on the parties' stipulation to an order under Fed. R. Civ. P. 54(b) certifying for immediate appeal this Court's Order of January 20, 2004 (the "Summary Judgment Order") granting the motion of Wells Fargo Business Credit, Inc. ("Wells Fargo") for summary judgment on all of Nebraska Beef Limited's ("Nebraska Beef") claims against Wells Fargo in this case. Because the Summary Judgment Order did not dispose of all of the claims in this action, it was not a final and appealable order under 28 U.S.C. § 1292.

The Court has conducted its own evaluation of the record – independent of the parties' stipulation – and has determined in accordance with Fed. R. Civ. P. 54(b) that there is no just reason for delay in entry of judgment in favor of Wells Fargo and against Nebraska Beef with respect to all of Nebraska Beef's claims against Wells Fargo in this case.

Therefore,

IT IS HEREBY ORDERED that the Clerk of Court shall enter judgment in favor of defendant Wells Fargo Business Credit, Inc. and against plaintiff Nebraska Beef Limited on all of Nebraska Beef's claims against Wells Fargo in this case, and plaintiff Nebraska Beef shall take nothing by its claims in this action.

SO ORDERED. LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: ____________________, 2005

____________________________________
JOAN N. ERICKSEN
UNITED STATES DISTRICT JUDGE

M2:20723686.03

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Nebraska Beef Limited,

Plaintiff,

vs.

Wells Fargo Business Credit, Inc., f/k/a Norwest Business Credit, Inc.,

Defendant.

Civil No. 01-CV-2375 (JNE/JGL)

**STIPULATION TO DISMISSAL OF COUNTERCLAIM**

The parties hereby stipulate under Fed. R. Civ. P. 41(a) that the counterclaim of defendant Wells Fargo Business Credit, Inc. in this action is hereby dismissed with prejudice.

Dated: ______________________

MOSS & BARNETT
A Professional Association

______________________
Mathew M. Meyer (#264416)
Mark B. Peterson (#14440X)
J. Vincent Stevens (#325211)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402
Telephone: (612) 347-0300

ATTORNEYS FOR PLAINTIFF
NEBRASKA BEEF LIMITED

Dated: ______________________

FAEGRE & BENSON LLP

______________________
Charles F. Webber (#215247)
Erik J. Girvan (#320079)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone (612) 766-7000

ATTORNEYS FOR DEFENDANT
WELLS FARGO BUSINESS CREDIT, INC.

**EXHIBIT B**

FAEGRE & BENSON LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

CHARLES F. WEBBER
612.766.8719

October 11, 2005

**BY FAX AND MAIL**

Mathew M. Meyer
Moss & Barnett
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Re: Nebraska Beef, Limited v. Wells Fargo Business Credit, Inc.

Dear Mathew:

I have heard nothing from you since Judge Ericksen's clerk called me a few weeks ago to inquire about the status of the settlement in this case. I can only assume that it is because your client is trying to back out of the settlement agreement that we all agreed to.

If I do no receive a signed settlement agreement by the end of the day this Friday, October 14, I will assume that your client wishes to renege on the agreement and that we will have to make a motion to enforce the settlement agreement.

Please call me if you'd like to discuss this further.

Very truly yours,

Charles F. Webber

CFW:holjl
cc: Dave Larson
Erik Girvan

M2:20747416.01

EXHIBIT 3