IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nebraska Beef Limited,

Plaintiff,

v.

Wells Fargo Business Credit, Inc. f/k/a Norwest Business Credit, Inc.,

Defendant.

CASE NO. 01-CV-2375 (JEL/JGL)

**MEMORANDUM OF LAW IN SUPPORT OF MOSS & BARNETT'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**

## INTRODUCTION

Moss & Barnett respectfully requests that the Court grant its application to withdraw as counsel for Plaintiff Nebraska Beef Limited in this matter. In light of Wells Fargo's motion to enforce settlement agreement, Moss & Barnett's attorneys may be called upon to give testimony under oath relating to the proposed settlement agreement, a situation that would impair its ability to represent Nebraska Beef in this matter. Furthermore, Nebraska Beef's failure to communicate with its counsel, and to give adequate guidance regarding Wells Fargo's pending motion, greatly hinder its ability to adequately represent it in this lawsuit.

## FACTS

On June 27, 2005, Mathew Meyer, counsel for Nebraska Beef, attended a settlement conference before the honorable Chief Magistrate Judge Lebedoff on behalf of Plaintiff Nebraska Beef Limited. (Meyer Decl. ¶ 2.) Also in attendance on behalf of Plaintiff was Vincent Stevens, an attorney with the law firm of Moss & Barnett, and

James Timmerman, an officer and designated representative of Plaintiff for purposes of the settlement conference ordered by Judge Lebedoff. (Meyer Decl. ¶ 2.)

Following the June 27, 2005 settlement conference, Attorney Meyer had various discussions and communications with Mr. Charles Webber regarding the proposed settlement agreement between Plaintiff Nebraska Beef and Defendant Wells Fargo. (Meyer Decl. ¶ 3.) Many of these communications are recited by Mr. Webber in his Declaration submitted to the court in support of Wells Fargo's motion to enforce settlement agreement. (Meyer Decl. ¶ 3; Webber Decl. ¶ ¶ 3-6.)

Since October 11, 2005, the date Mr. Meyer received correspondence from Mr. Webber regarding the proposed settlement agreement between Wells Fargo and Nebraska Beef, Meyer has made various attempts to obtain written guidance from Nebraska Beef as to how to proceed with this matter. (Meyer Decl. ¶ 4.) Despite numerous attempts to receive guidance from Nebraska Beef, Meyer received no adequate guidance regarding Nebraska Beef's position with respect to this matter, or how to proceed in light of Nebraska Beef's motion to enforce settlement agreement. (Meyer Decl. ¶ 4.)

As a result, Moss & Barnett cannot continue its representation of Nebraska Beef in this matter. In addition, Moss & Barnett is obligated to withdraw because its attorneys may be called upon to give testimony under oath relative to the communications and actions relating to the proposed settlement agreement Wells Fargo now seeks to enforce. (Meyer Decl. ¶ 5.)

By correspondence dated September 22, 2005, Moss & Barnett have informed Nebraska Beef of Moss & Barnett's intention to withdraw as its counsel and Moss&

Barnett advised it to obtain substitute counsel to represent it in any further proceedings in this matter. Since that communication, Moss & Barnett has not been informed by Nebraska Beef or its counsel whether it has obtained substitute counsel to represent it in this matter. (Meyer Decl. ¶ 6.) It is the desire of Moss & Barnett to be relieved of its responsibilities in representing Nebraska Beef in this matter, and to withdraw as Nebraska Beef's counsel of record pursuant to Local Rule of Practice 83.7(c). (Meyer Decl. ¶ 7.)

## ARGUMENTS AND AUTHORITIES

Under the local rules, counsel of record may seek withdrawal without substitution "for good cause shown." D.Minn.LR 83.7(c). The good cause warranting the court's order authorizing withdrawal is found in the fact that Wells Fargo's motion to enforce the settlement agreement puts Moss & Barnett's attorneys in the potential position of being compelled to provide evidence relating to their communications and actions regarding the settlement agreement. This is clearly evident by the submissions filed in support of Wells Fargo's motion. For instance, Mr. Webber's declaration relies almost exclusively upon his various communications with Mr. Meyer relating to the proposed settlement agreement. Thus, Meyer's testimony will be critical in any dispute as to whether or not the settlement agreement is enforceable.

The second basis for Moss & Barnett's motion to withdraw is Nebraska Beef's failure to communicate with, and give adequate direction to, Moss & Barnett's attorneys representing Nebraska Beef in this matter, especially as it relates to Wells Fargo's motion to enforce the settlement agreement. Without proper guidance, Moss & Barnett believes it

cannot adequately represent Nebraska Beef in this matter, while at the same time complying with its obligations to this Court.

Significantly, there is little if any prejudice that Nebraska Beef will suffer if the court permits withdrawal at this time. Currently there is no scheduling order or trial date set for this matter since the parties had thought they had resolved this matter at the time of the June 27, 2005 settlement conference with Judge Lebedoff, which was on the eve of the trial of Wells Fargo's counterclaims. Thus, if the Court does not enforce the settlement agreement as Wells Fargo requests, the needs for substitute counsel can be met rescheduling the trial so as to allow them adequate time to prepare. Even in the interim period before new counsel will be substituted, Nebraska Beef is ably represented by William Lamson, of Lamson Dugan & Murray, LLP, Nebraska Beef's regular counsel.

Finally, if the Court grants Wells Fargo's motion to enforce settlement agreement, the timing rules under the applicable rules of appellate procedure provide ample time for Nebraska Beef to find substitute counsel. Indeed, Nebraska Beef could rely upon its regular counsel, William Lamson, to represent it in any subsequent appeal since he is admitted to practice before the Eighth Circuit Court of Appeals. (Meyer Decl. ¶ 8; Ex. A.) Thus, there will be little if any prejudice suffered by Nebraska Beef if Moss & Barnett's motion is granted.

## CONCLUSION

For the reasons set forth above, Moss & Barnett respectfully requests that the court grant its motion to withdraw as counsel for Plaintiff Nebraska Beef pursuant to Local Rule 83.7(c).

MOSS & BARNETT
A Professional Association

Dated: October 24, 2005.

By s/ Mathew M. Meyer
Mathew M. Meyer (#264416)
Mark B. Peterson (#14440X)
Kevin M. Busch (#134028)
J. Vincent Stevens (#325211)
90 South Seventh Street, Suite 4800
Minneapolis, MN 55402-4129
Telephone: (612) 347-0300
ATTORNEYS FOR PLAINTIFF