01-cv-2375 JNE/JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 06-1207

| | | |
|---|---|---|
| Nebraska Beef, Limited, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Wells Fargo Business Credit, Inc., | * | |
| f/k/a Norwest Business Credit, Inc., | * | |
| | * | |
| Appellee. | * | |

Submitted: September 27, 2006
Filed: December 11, 2006

Before LOKEN, Chief Judge, SMITH and GRUENDER, Circuit Judges.

SMITH, Circuit Judge.

Nebraska Beef, Ltd. ("Nebraska Beef") filed suit against Wells Fargo Business Credit, Inc., f/k/a Norwest Business Credit, Inc. ("Wells Fargo ") claiming Wells Fargo wrongly assessed $211,000 in fees stemming from a 1997 loan. The district court[1] entered summary judgment in favor of Wells Fargo. The court ruled the parties' unilateral contract provided for the additional fees in conjunction with additional extensions of credit. Nebraska Beef appeals. We affirm.

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

SCANNED
DEC 14 2006
U.S. DISTRICT COURT MPLS

I. *Background*

Nebraska Beef established a $30,000,000 line of credit with Wells Fargo, the terms of which were memorialized in a written credit agreement. The agreement detailed the maximum amount Nebraska Beef could borrow and established a mechanism whereby the company could receive an overadvance—a loan exceeding the established credit limit. The credit agreement required Nebraska Beef to pay an extra fee for each overadvance. Over the next two years, Nebraska Beef sought three overadvances with each overadvance resulting in a formal written amendment to the original credit agreement. With each amendment, the amount of the overadvance fee increased.

In April 1997, Nebraska Beef began negotiations with Wells Fargo to establish the terms of an agreement covering a fourth overadvance in May. The parties concluded their negotiations with no definitive agreement regarding the terms of the May overadvance. Nebraska Beef maintains that Wells Fargo refused to approve additional overadvances on the same terms outlined in the third amendment. Instead, Nebraska Beef contends, Wells Fargo demanded a higher fee. Wells Fargo asserts it was willing to approve additional overadvances on the same terms outlined in the third amendment. Despite the lack of a formal written agreement, Nebraska Beef continued to take overadvances in early May and continued to do so throughout the month.

On May 23, 1997, Wells Fargo sent Nebraska Beef a letter informing Nebraska Beef that beginning May 27, the overadvance fees would climb to $2,000 per day per $150,000. The draft also stated that all overadvances before May 27 would be assessed at $1,500 per day per $150,000—the maximum amount charged in the third overadvance agreement. Nebraska Beef does not deny receiving the letter but maintains it never signed the accompanying fourth amendment. After receiving the letter, Nebraska Beef continued to withdraw funds through the overadvance provision.

By month's end, Wells Fargo reported that Nebraska Beef's May, 1997 overadvance fees totaled $211,000. Nebraska Beef sent Wells Fargo a letter challenging the $211,000 calculation. The letter acknowledged that Nebraska Beef had received funds through the overadvance but argued the May rates were unreasonable. Unable to resolve the dispute, Wells Fargo deducted the $211,000 amount from Nebraska Beef's account.

Nebraska Beef filed suit seeking to recover the $211,000 deducted from its account. The district court granted Wells Fargo's motion for summary judgment after finding, under Minnesota law, that Nebraska Beef had entered into a unilateral contract authorizing the increased overadvance fees.

Nebraska Beef appeals the district court's grant of summary judgment.

## II. *Discussion*

"We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006) (internal citations omitted).

Nebraska Beef argues the district court erred by granting summary judgment because no unilateral contract existed. Under Minnesota law, a unilateral contract requires: (1) an offer definite in form, (2) communication of offer, (3) acceptance and (4) consideration. *Martens v. Minn. Min. & Mfg. Co.* 616 N.W.2d 732, 742 (Minn. 2000). Nebraska Beef argues that the first element, a definite offer, is lacking and therefore no unilateral contract was formed. Nebraska Beef contends that a genuine issue of material fact remains regarding the terms of Wells Fargo's offer, as evidenced by the parties' inability to agree about the amount of fees proposed at negotiations.

An offer must contain sufficiently definite terms to enable the fact-finder to interpret and apply them. *Hunt v. IBM Mid Am. Employees Fed. Credit Union*, 384 N.W.2d 853, 857 (Minn.1986). An offer "may be inferred wholly or partly from words spoken or written or from the conduct of the parties or a combination thereof." *Cederstrand v. Lutheran Bhd.*, 117 N.W.2d 213, 221 (Minn. 1962).

Viewing the evidence in a light most favorable to Nebraska Beef, we hold that the district court did not err in granting summary judgment to Wells Fargo. Wells Fargo offered to loan funds for the May 1997 overadvance, at a minimum, at the fee assessed under the third amendment to the original credit agreement. Further, Nebraska Beef acknowledges that it received the May 23 letter from Wells Fargo stating that overadvances after May 27 would be assessed an overadvance fee of "$1,500 per day through May 26, 1997, and $2,000 per day from and after May 27, 1997. . . for each increment of $150,000 or portion thereof . . . ."

Therefore, it is undisputed that when Nebraska Beef began to withdraw funds through the May 1997 overadvance, it did so fully aware that an extension beyond the agreed line of credit would come at an additional cost. Wells Fargo's "offer" to permit continued overadvances at the stated terms constituted a unilateral contract offer that was accepted by Nebraska Beef's election to access the overadvance. These terms, as reflected in the third amended agreement and the May 23 letter, were sufficiently definite to establish a unilateral contract offer under Minnesota law.

Nebraska Beef emphasizes that it never agreed to the proposed fees stated in the May 23 Wells Fargo "Extension of Overadvance" letter. No express agreement is required to accept a unilateral contract. Under Minnesota Law, mere performance can constitute acceptance. *Sylvestre v. State*, 214 N.W.2d 658, 667 (Minn. 1973).

III. *Conclusion*

The judgment of the district court is affirmed.

---

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

December 11, 2006

RECEIVED
BY MAIL
DEC 14 2006
CLERK US DIST COURT
MINNEAPOLIS MN

Ms. Cynthia M. Klaus
LARKIN & HOFFMAN
1500 Wells Fargo Plaza
7900 Xerxes Avenue, S.
Minneapolis, MN 55431

Re: 06-1207 Nebraska Beef, Ltd. vs. Wells Fargo Business

Dear Counsel:

The court today issued an opinion in this case. Judgment in accordance with the opinion is also entered today.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. No grace period for mailing is allowed, and the date of the postmark is irrelevant. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

(5148-010199)

Sincerely,

Michael E. Gans

Michael E. Gans
Clerk of Court

paw

Enclosure(s)

cc: William M. Lamson Jr.
Brian J. Brislen
Charles Frederick Webber
Erik J. Girvan
Richard Sletten

District Court/Agency Case Number(s): CIV 01-2375 JNE/JGL